Dear Mr. Copeland:
You have asked this office to advise whether the elected mayor of the Village of Belcher may at the same time hold full-time employment with the Caddo Parish District Attorney's Office within the pre-trial diversion division.
The provisions of the Dual Officeholding and Dual Employment Laws, La.R.S. 42:61, et seq., govern our response to your question. Note first that the municipality of Belcher and the office of the district attorney are considered separate political subdivisions of the state as defined by La.R.S. 42:62(9):
(9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
La.R.S. 42:63(D) prohibits a person from holding any position of employment in the same political subdivision in which he holds elective office. La.R.S. 42:63(D) also prohibits a local elected official from holding at the same time a full-time appointive office. La.R.S. 42:63(D) provides, in pertinent part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, *Page 2 
or in the same political subdivision in which he holds an elective office . . .
We mention here the distinction between appointive office andemployment. An individual holds an appointive office, rather than employment, where the position is established by the constitution, statutes, home rule charter provisions or ordinances of a municipality or parish, and the position is appointed by another elected or appointed official, or a body of officials. See La.R.S. 42:62(2).[1] Here, in the absence of a particular statute creating the position in the pretrial diversion division, this position constitutes employment under the dual officeholding provisions. To contrast, while an assistant district attorney is "employed" by the district attorney's office, an assistant district attorney holds appointive office for purposes of a dual officeholding analysis because the position is established by both constitutional provision and by statute and is appointed by the district attorney. See La.Const. Art. V, § 26(A), providing that "a district attorney may select assistants as authorized by law." See also La.R.S.16:51(A), providing that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, La.R.S. 16:51(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney."
While La.R.S. 42:63(D) prohibits a local elected official from holding at the same time full-time appointive office, or employment in the same political subdivision in which he holds elective office, the statute does not prohibit a local elected official from at the same time holding employment in a political subdivision separate from the one in which he holds elective office. Thus, it is the opinion of this office that the mayor of Belcher is not prohibited by the dual officeholding provisions from at the same time holding employment in the separate political subdivision of the Caddo Parish District Attorney's Office.
Finally, this opinion is limited to an examination of the state law regulating dual officeholding and employment. Ethical concerns or situations involving conflicts of interest are resolved by the Louisiana State Board of Ethics. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62((2) defines appointive office as "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."